IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LAVELLE PATTERSON,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-5972 |
| | : | |
| **BRAHEEM AMIR BUTLER,** | : | |
| Defendant. | : | |

### MEMORANDUM

**BAYLSON, J.**                                                                                         **DECEMBER   15, 2020**

Plaintiff Lavelle Patterson has brought a Complaint using the Court's preprinted form for use by unrepresented litigants to bring civil claims. Named as Defendant is Braheem Amir Butler. Patterson has not paid the filing fee for this case and has not moved for leave to proceed *in forma pauperis*. She[1] has, however, attached a copy of her social security benefits award letter which the Court will deem to be a motion for leave to proceed *in forma pauperis*.[2] For the following reasons, the Motion to proceed *in forma pauperis* will be granted and the Complaint will be dismissed without prejudice.

### I.     FACTUAL ALLEGATIONS

Patterson's Complaint is quite brief, but she has attached numerous pages to the Complaint that appear to be medical records and a state court Protection From Abuse ("PFA")

---

[1] Patterson recently filed a prior pro se lawsuit. *See Patterson v. Barbee*, Civ. A. No. 20-652. Because in her prior case Patterson asserted "I am Bay now transitioning into female" (Civ. A. No. 20-652, ECF No. 2 at 11), the Court referred to Patterson using female gendered pronouns. While medical records attached to this Complaint refer to Patterson as male, the Court will refer to Patterson using female gendered pronouns.

[2] Patterson was granted *in forma pauperis* status in the prior case.

1

order.  She asserts claims against Defendant Butler for rape and assault and for violating the PFA order.  (ECF No. 1 at 28.) [3]  She asserts both federal question and diversity jurisdiction.  (*Id.*)  Both Patterson and Butler are alleged to be citizens of Pennsylvania.  (*Id.* at 7.)

In a Statement attached to the form Complaint, Patterson asserts that she was assaulted by Butler on January 28, 2020.  (ECF No. 1 at 12.)  Butler is allegedly the son of a Chester police officer.  (*Id.*)  Patterson had previously filed rape charges against Butler in June 2019, but the case was thrown out by the district attorney for lack of evidence.  (*Id.*)  The PFA order was granted on January 30, 2019 but, Patterson asserts, the Chester police refused to serve the order on Butler.  (*Id.*)  Patterson alleges that she has been unable to secure a permanent PFA order in Chester County because of Butler's relationships.  (*Id.*)  She has, however, secured such an order from the Court of Common Pleas in Bucks County where Patterson resides.  (*Id.* at 12, 20-27.)

Patterson has also attached medical records to the Complaint showing the results of a CT scan performed on January 4, 2020.  Patterson suffered bilateral nasal fractures and multiple other facial fractures including the orbit of his right eye.  (*Id.* at 13-14.)  Patterson does not specify what relief she seeks from the Court.

## II.     STANDARD OF REVIEW

Because Patterson is granted leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim.  When allowing a plaintiff to proceed *in forma pauperis* the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction.  28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court

---

[3] The Court adopts the pagination supplied by the CM/ECF docketing system.

must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))). As Patterson is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.  DISCUSSION

Patterson checked the boxes on the form Complaint indicating she sought to invoke both federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332(a). The diversity statute grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Although Patterson makes factual assertions about the actions of Chester police officers, the only named Defendant is Butler. While Patterson asserts that Butler is the son of a Chester police officer, there is no allegation that Butler is a "state actor" as that term is used in 42 U.S.C. § 1983, the vehicle by which a citizen may bring constitutional claims in federal court. Patterson also does not make any allegations of a constitutional violation against Butler. Accordingly, any claim invoking § 1983 as a source of federal question jurisdiction is too insubstantial to invoke the Court's federal question jurisdiction. *See Rose v. Husenaj*, No. 17-1621, 2017 WL 3776226, at *2 (3d Cir. Aug. 31, 2017) (concluding that plaintiff failed to invoke the District Court's federal question jurisdiction

when there was no substantial basis for his federal claims (quoting *Shapiro v. McManus*, 136 S. Ct. 450, 455 (2015))). Patterson does not cite any other federal statute and there appears to be no other basis to invoke federal question jurisdiction as claims for rape, assault and violating a state court order raise only claims under state law.

Diversity jurisdiction under section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). Because Patterson alleges that both she and Butler are citizens of Pennsylvania there is no basis for invoking diversity jurisdiction.

Accordingly, the attached Order dismisses Patterson's claim without prejudice for lack of subject matter jurisdiction. Patterson will not be given leave to file an amended complaint in this case because amendment would be futile. Patterson may reassert her claims in state court.

                                             **BY THE COURT:**

                                             s/ Michael M. Baylson

                                             _____
                                             **MICHAEL M. BAYLSON, J.**